IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARION WICKERSHAM and DAVID WICKERSHAM, | |
| Plaintiffs, | Civil No. 13-cv-7108 (RMB/KMW) |
| v. | MEMORANDUM ORDER |
| TD BANK, NA, et al., | |
| Defendants. | |

This matter comes before the Court upon its own motion.  On November 22, 2013, Defendants removed the above-captioned action to this Court, relying upon federal question jurisdiction pursuant to 28 U.S.C. § 1331 [Docket No. 1].  Plaintiffs' underlying state court complaint contained reference to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq. and the Consolidated Omnibus Budget Reconciliation Act ("COBRA") 29 U.S.C. §§ 1161 et seq.

During an in-person conference on this matter held on May 21, 2014, Plaintiffs clarified that they were not pursuing any federal cause of action.  The parties also clarified that this Court cannot have diversity jurisdiction over this matter because both Plaintiffs and Defendants are citizens of New

1

Jersey. At the conclusion of the hearing, this Court directed Plaintiffs to file a Second Amended Complaint clarifying that the Plaintiffs were not pursuing any federal claims. Plaintiffs filed this Second Amended Complaint on April 22, 2014 [Docket No. 12]. Because of language contained in the Second Amended Complaint, it was still not clear to this Court whether or not Plaintiffs were pursuing federal claims. During a telephone conference with the parties held on June 5, 2014, Plaintiffs again clarified that they have no federal cause of action and were directed to file a revised version of the Complaint making clear that they were not pursuing any federal claims.

Plaintiffs' Third Amended Complaint, was filed on June 6, 2014. A review of this Complaint reveals that there are no allegations sufficient to confer subject matter jurisdiction under 28 U.S.C § 1331, as Plaintiffs make clear that all three Counts asserted are pursuant to state law. "[S]ubject matter jurisdiction cannot be waived or consented to, and 'subject-matter delineations must be policed by the courts on their own initiative. . . .'" Navatier v. Careone, No. 13-3992, 2013 U.S. Dist. LEXIS 164964, at * 4 (D.N.J. Nov. 19, 2013)(quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). "[T]he party asserting federal jurisdiction in a removal case

bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). Moreover, "[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) (internal citations omitted); see also Steel Valley Authority v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) ("It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (citing Abels).

A district court has original jurisdiction over cases that "arise under" federal law. See 28 U.S.C. § 1331, 1441(a). Pursuant to the "well-pleaded complaint" rule, a plaintiff ordinarily may remain in state court so long as his or her complaint does not allege a federal claim on its face. See Franchise Tax Bd. of Cal. v. Contr. Laborers Vac. Tr. for S. Ca., 463 U.S. 1, 10 (1983). Moreover, to establish "arising under" jurisdiction, "the federal law must be in the forefront of the case and not collateral, peripheral, or remote." Palmer

3

v. Univ. of Medicine and Dentistry, 605 F. Supp. 2d 624, 627 (D.N.J. 2009).

In the instant matter, Plaintiffs' Third Amended Complaint mentions the FMLA in passing, but unequivocally states that "Plaintiff is not asserting a claim under the FMLA." (Third Amended Compl. at ¶¶ 26-27). This mere mention of federal law is insufficient to sustain "arising under" jurisdiction. See McBrearty v. Ky. Cmty. & Tech. College Sys., No. 06-197, 2006 U.S. Dist. LEXIS 64127, at * 10-11 (E.D. Ky. Sept. 7, 2006)(discussing the insufficiency of a passing reference to federal law to establish federal subject matter jurisdiction). Therefore, this Court finds that this matter does not contain claims arising under federal law and, as such, remand is proper.

ACCORDINGLY, IT IS on this, the **9th** day of **June 2014**, hereby **ORDERED** that this case shall be **REMANDED** to the Superior Court of New Jersey, Burlington County; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this file in this matter.

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        UNITED STATES DISTRICT JUDGE